411 So.2d 448 (1982)
STATE of Louisiana
v.
Sterling A. CONLEY.
No. 81-KA-1767.
Supreme Court of Louisiana.
March 10, 1982.
*449 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Richard Petre, Asst. Dist. Attys., for plaintiff-appellee.
Roy Raspanti, New Orleans, for defendant-appellant.
PER CURIAM.
Sterling Conley was charged by bill of information with simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2. Following the denial of a motion to suppress evidence seized incident to his arrest, defendant entered a plea of guilty, reserving his right to appellate review of the trial court's ruling. State v. Crosby, 338 So.2d 584 (La.1976). The trial court accepted the plea and sentenced defendant to three years at hard labor, without benefit of probation, parole, or suspension of sentence. Defendant now appeals his conviction and sentence to this Court, urging two assignments of error.
We have reviewed defendant's challenge to the trial court's denial of his suppression motion and find it to lack merit. For this reason, the defendant's conviction is affirmed. We agree, however, with his contention that the trial court erred in denying the accused eligibility for probation, parole, or suspension of sentence for the entire term of his sentence. In pertinent part, La.R.S. 14:62.2 provides:
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of probation, parole, or suspension of sentence, nor more than twelve years.
Construing this provision in State v. Boowell, 406 So.2d 213 (La.1981), this Court accepted the defendant's contention that the ineligibility provision should attach only to the statute's minimum one-year term. Thus, the sentence imposed herein was clearly illegal and must be vacated.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.