445 So.2d 26 (1984)
STATE of Louisiana
v.
Calvin L. JONES.
No. KA-1152.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1984.
*27 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., New Orleans, Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Morris Hyman, Orleans Indigent Defender Program, New Orleans, for appellant.
Before GULOTTA, REDMANN and AUGUSTINE, JJ.
GULOTTA, Judge.
Defendant appeals his conviction and sentence of five years at hard labor, without benefit of probation, parole, or suspension of sentence, for violation of LSA-R.S. 14:95.1, illegally possessing a firearm after having previously been convicted of a felony.
In his sole assignment of error, defendant's appellate counsel requests this court to review the record for errors patent and to reverse defendant's conviction and sentence.
Strangely, the only error patent in the record is the trial judge's failure to impose a fine in addition to the jail sentence imposed as required by LSA-R.S. 14:95.1.[1]
*28 If we were to remand the matter to the trial court for resentencing in accordance with the statute, the remand would be to the defendant's detriment. The State, however, seeks only an affirmation of the verdict and sentence. Because the defendant alone has appealed, however, we review only those patent errors favorable to him, to avoid "providing a chilling effect on defendant's exercise of his right to appeal." State v. Napoli, 437 So.2d 868 (La.1983). Accordingly, we decline to remand this matter to the trial court for resentencing, despite recognition of the error.
Our examination of the remaining documents in the record does not disclose additional errors patent. Upon review of the 35 page transcript of the jury trial, in accordance with State v. Raymo, 419 So.2d 858 (La.1982), we conclude there was sufficient evidence upon which a rational trier of fact could find the defendant guilty beyond a reasonable doubt.
In supplementary briefs filed in proper person, defendant has raised a number of additional arguments.
The first is defendant's complaint that the trial judge erroneously found probable cause and denied him a "full and fair" preliminary hearing. This complaint lacks merit. Because defendant failed to assert this error before trial, he cannot now urge on appeal after conviction that he was erroneously denied a preliminary hearing. See State v. Brent, 347 So.2d 1112 (La.1977).
Defendant also claims that his Fifth Amendment rights were violated during trial when he was questioned about his prior felony conviction while sitting at the defense table in the presence of the jury. The transcript, however, shows that the State and defendant's trial counsel stipulated that defendant was the same person convicted of a burglary as stated in the bill of information. We find no merit, therefore, to this argument.
Defendant further contends that the averment of his prior conviction in the same count as the accusation of carrying a concealed weapon improperly influenced the jury and violated the double jeopardy clause. We disagree. Because the defendant's prior felony conviction is an essential element of the crime defined in LSA-R.S. 14:95.1, the State properly alleged the previous conviction in the bill of information charging defendant with this offense. State v. Marrero, 363 So.2d 494 (La.1978).
Defendant also attacks the constitutionality of LSA-R.S. 15:571.11(D), which authorizes the use of fines and forfeitures imposed in criminal cases in Orleans Parish to defray the expenses of the criminal court and the district attorney's office. According to defendant, the statute creates a conflict of interest in the district attorney's office and promotes overzealous prosecution. Because no fine was imposed in defendant's case, however, he lacks standing to attack the statute.
Finally, defendant raises a number of objections concerning ineffective assistance of counsel on both the trial and appellate levels. We do not consider this argument, however, since it is properly the subject of an application for post-conviction relief to be asserted in the trial court. LSA-C.Cr.P. Art. 926; State v. Boatright, 406 So.2d 163 (La.1981); State v. Lewis, 372 So.2d 1192 (La.1979).
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:95.1(B) provides as follows:

"Whosoever is found guilty of violating the provisions of this section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars [emphasis ours]."