445 So.2d 54 (1984)
STATE of Louisiana
v.
Kevin LEE.
No. KA-1193.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1984.
*55 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Crim. Div., Harry F. Connick, Dist. Atty., Parish of Orleans, William R. Campbell, Jr., John H. Craft, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Frank Larre, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
BYRNES, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant Kevin Lee was convicted of armed robbery, a violation of LSA-R.S. 14:64. He was sentenced, as a multiple offender, to serve forty years at hard labor. Defendant appeals to this court to review his conviction and sentence for errors patent.
The testimony of Henry Johnson and his wife Marlene indicated that at about 5:40 a.m. on December 9, 1982, Mr. Johnson arrived at the construction site where he worked and exited his Camaro, leaving the car running, to open the gate to the site. Defendant approached him asking if he was doing any hiring and Johnson said no. Johnson turned his back to defendant and proceeded to open the gate. When defendant ordered Johnson not to move, Johnson turned around and saw defendant at the driver's side of the car holding a revolver. Defendant told Johnson he would shoot him if he moved, and drove off in Johnson's car. At about 12:30 a.m. on December 11, 1982, Johnson was riding in his wife's car with his wife and three other passengers when they saw defendant in the driver's seat of his Camaro trying to start the car *56 as another man pushed the car. Mr. Johnson pursued defendant while the other men pursued the man who had been pushing the car. When defendant slipped and fell at the curb, Johnson was able to capture him, but the other man was not caught. While Mr. Johnson had defendant pinned on the ground, Mrs. Johnson asked defendant why he stole their car. Defendant replied that he had a sick baby at home and was only trying to get it to the hospital. The police arrived and told the Johnsons they could take their car. Mrs. Johnson discovered a revolver jammed between the front seats of the car.
Joseph Tafaro, one of the arresting officers, also testified to the circumstances of the arrest and perfected the chain of custody linking the gun to that found in the Camaro.
Defendant's mother testified that defendant lived with her and that he had never had a gun in her house. She said she did not believe defendant possessed a driver's license or that he could drive, and said he did not own a car. Defendant's brother corroborated this testimony. Defendant's sister testified that defendant spent the night at her house on December 9, 1982, and that he did not bring a car with him. She too had never seen defendant drive and did not believe he had a driver's license or knew how to drive.
Defendant took the stand against the advice of his counsel. He testified that he was waiting for a bus when a man driving the Camaro asked for defendant's help because the car had run out of gas. He pushed the car on the passenger's side while the other man pushed and steered from the driver's side. He was then attacked by Mr. Johnson, whom he had never seen before, and was pinned to the ground. Defendant claimed that the only reason the Johnsons were testifying against him was that the real thief, the stranger he had helped push the car, had gotten away.
SUFFICIENCY OF THE EVIDENCE
The due process clause of the Fourteenth Amendment requires an appellate court to review each case before it on appeal to determine the sufficiency of the evidence upon which the criminal conviction is based. State v. Graham, 422 So.2d 123 (La.1982), appeal dismissed, ___ U.S. ___, 103 S.Ct. 2419, 77 L.Ed.2d 1309 (1983). The evidence is sufficient if any rational trier of fact, viewing the evidence in the light most favorable to the prosecution could conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La. 1981).
The essential elements of the offense of armed robbery are set out in LSA-R.S. 14:64(A) as "the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."
Henry Johnson testified that defendant stole his automobile (a thing of value) threatening to shoot Johnson if he interfered (using intimidation) while armed with a revolver (a dangerous weapon). The Johnsons testified that when questioned at the scene of his capture defendant admitted to the theft, explaining that he had done it to get help for his "sick baby" at home. A revolver was found in the stolen automobile when it was recovered.
Defendant denied being the same man who had stolen the car, but many factors weakened his credibility. His account of the circumstances of his arrest conflicted with the Johnsons', which defendant attributed to the Johnsons' error, even asserting that Mr. Johnson "told a bunch of lies up here." He testified that he was returning from a particular address, but was uncertain in describing the area and apparently denied the existence of landmarks he would have passed on his way to get change for the bus ride. Defendant admitted to several felonies and misdemeanors, some of them thefts, and admitted using several aliases. His explanation of the Johnsons' motives for pursuing his conviction taxed the imagination.
*57 The jury made a credibility judgment in favor of the Johnsons. Weighing the credibility of each witness is the particular responsibility of the fact finder and this court will not interfere beyond evaluating the sufficiency of the evidence as Jackson, supra, requires. See State v. Richardson, 425 So.2d 1228 (La.1983).
ERRORS PATENT
The trial judge sentenced defendant, as a multiple offender, to forty years at hard labor. Armed robbery, La.R.S. 14:64, expressly precludes eligibility for the benefits of parole, probation, or suspension of sentence. The minutes, however, do not indicate that defendant's sentence would be without benefit of parole, probation, or suspension of sentence.
In State v. Speed, 335 So.2d 28 (La. 1976), the defendant was sentenced to life imprisonment after a conviction for aggravated rape. Answering defendant's appeal, the State pointed out that the mandatory statutory penalty at that time for aggravated rape was a death sentence. In a plurality opinion, the Supreme Court held that the State's contention could not be dealt with by the court upon defendant's appeal for review of sentence. The State was required to bring its request for review of sentence by means of a State appeal following La.C.Cr.P. art. 882.
In State v. Telsee, 425 So.2d 1251 (La. 1983), the Supreme Court injected into Louisiana law the apparently novel theory of the "unlawfully lenient" sentence. The defendant had been convicted of forcible rape, a violation of La.R.S. 14:42.1. The statute mandated that at least two years of the offender's sentence must be without benefit of parole, probation, or suspension of sentence. The Louisiana Supreme Court held that defendant's sentence, because it failed to specify that any part would be without parole, probation, or suspension, was "unlawfully lenient." The sentence was amended to withdraw the benefits of parole, probation, and suspension for two years.
The Louisiana Supreme Court has contradicted Telsee in State v. Napoli, 437 So.2d 868 (La.1983), where it set aside the more severe sentence imposed by the First Circuit in State v. Napoli, 428 So.2d 957 (La. App. 1st Cir.1983), and reinstated the original sentence of the trial court. In its per curiam decision of September 2, 1983, the Supreme Court explained:
When the defendant alone seeks review of a conviction and sentence, the court of appeal should review only those issues raised by the defendant and any patent errors favorable to defendant. The court of appeal erred in this case by reviewing a sentencing error unfavorable to defendant, thereby providing a chilling effect on defendant's exercise of his right to appeal.
State v. Jackson, 439 So.2d 622 (La.App. 1st Cir.1983), decided October 11, 1983, addresses this conflict. The defendant was convicted of the violation of La.R.S. 14:62.1, simple burglary of a pharmacy. He was sentenced, as a habitual offender, to ten years imprisonment at hard labor. He appealed, arguing that his sentence was excessive. The First Circuit held that defendant's sentence was not excessive, but that it was "technically illegal" because it had not been specified that it was without benefit of parole, probation or suspension as La.R.S. 14:62.1 requires. The court in Jackson, reflecting on the Supreme Court's holding in Speed, supra, looked at La.C. Cr.P. art. 882 on correction of illegal sentence and review of illegal sentence and stated:
This language indicates that the trial court on its own motion can correct an illegal sentence at anytime. This language also indicates that either the state or the defendant may question the legality of a sentence by appeal or in an unappealable case by a writ. This language clearly does not limit the correction of sentencing errors only to those adverse to the defendant. In an appellate court, an illegal sentence is considered patent error.
*58 After puzzling over the conflicting jurisprudence, the court decided to follow Telsee:
The implications of the Napoli writ action are significant. Is a sentencing error adverse to the state patent error as is a sentencing error adverse to the defendant?
Is an appellate court barred from noticing a patent sentencing error adverse to the State even when the defendant questions the legality of the sentence? Is a trial court barred from correcting its own sentencing error which is adverse to the State unless the State follows the procedure required in Speed? Did Telsee overrule Speed? Did the writ action in Napoli overrule Telsee?

Since Telsee was a fully considered opinion of the Court and Napoli only a writ action based on doubtful authority, we elect to follow Telsee. The sentence is amended to provide that it shall be served without benefit of parole, probation or suspension.
Certainly if the trial court can correct a sentence, it would only seem logical that the appellate court should also be able to do so. We, therefore, are of the opinion that defendant's sentence must be corrected, even though its illegality was not raised by the State, pending an affirmative disposition of the issue by the Supreme Court. Accordingly, we find patent error and amend the defendant's sentence to correct that it shall be served without benefit of parole, probation or suspension of sentence.
AFFIRMED AS AMENDED.