446 So.2d 415 (1984)
STATE of Louisiana
v.
Edward OGLETREE and Adolph Young.
No. KA-1144.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry Connick, Dist. Atty., William R. Campbell, Jr., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellants.
Before GULOTTA, GARRISON and LOBRANO, JJ.
GULOTTA, Judge.
These two appeals are from convictions for violations of LSA-R.S. 14:62.2, simple burglary of an inhabited dwelling. That statute denies a convicted defendant the benefit of parole, probation or suspension of sentence during the first year of his sentence.[1]
*416 The seven year sentence imposed on defendant Edward Ogletree (with credit for time served) failed to mention that this defendant would not have the benefit of parole, probation or suspension of sentence for one year as required by the statute. The six year sentence imposed on defendant Adolph Young (with credit for time served) without benefit of probation, parole or suspension of sentence (to run consecutively with a previously imposed 18 month sentence for contempt of court) failed to restrict the ineligibility of parole, probation or suspension of sentence to the first year as required by the statute.
In their sole assignment of error, defendants request this court to review the record for errors patent and to reverse their convictions and sentences.
The only error patent in the record is the trial judge's failure to restrict the ineligibility of both defendants for parole, probation or suspension of sentence to the first year of their terms in accordance with the statute. See State v. Conley, 411 So.2d 448 (La.1982) and State v. Boowell, 406 So.2d 213 (La.1981).[2]
In Ogletree's case, the trial judge's failure to comply with the sentencing provisions of the statute inures to this defendant's benefit. If we were to remand Ogletree's case to the trial court for resentencing in accordance with the statute, the remand would be to the defendant's detriment by resulting in the imposition of a harsher penalty. Because the defendant alone has appealed and the State seeks no modification of the sentence, this result could have a chilling effect on defendant's exercise of his right to appeal. See State v. Williams, 439 So.2d 387 (La.1983) and State v. Napoli, 437 So.2d 868 (La.1983). Under these circumstances, we decline to remand the Ogletree matter to the trial court for resentencing.[3]
In contrast, defendant Young's six year sentence provided the restriction "without benefit of probation, parole or suspension of sentence", but failed to restrict defendant's ineligibility to the first year.
In compliance with the statute and State v. Napoli, supra, we amend and reduce defendant Young's six year sentence to restrict the ineligibility provision in compliance with the statute's minimum one year term.
Our examination of the remaining documents in the record did not disclose additional errors patent. Upon review of the 141 page transcript of the jury trial in accordance with State v. Raymo, 419 So.2d 858 (La.1982), we conclude there was sufficient evidence upon which a rational trier *417 of fact could find the defendants guilty beyond a reasonable doubt.
Consistent with the foregoing, the conviction and sentence of defendant Ogletree are affirmed. Young's sentence is amended to six years, without benefit of probation, parole or suspension of sentence during the first year of his sentence, to run consecutively with a previously imposed 18 month sentence for contempt of court.
AFFIRMED IN PART.
AMENDED IN PART.
LOBRANO, J., concurs and assigns reasons.
LOBRANO, Judge, concurring.
Because of our Supreme Court's pronouncements in State v. Williams, 439 So.2d 387 (La.1983) and State v. Napoli, 437 So.2d 868 (La.1983), we are required to affirm the sentence in Ogletree's case even though it is illegal. I disagree with the rationale of those cases, and adhere to the view that an illegal sentence, whether favorable to defendant or state, can be corrected by the sentencing court. See La.C. Cr.P. Art. 882.
NOTES
[1] LSA-R.S. 14:62.2 provides in pertinent part:

"Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years."
[2] In State v. Conley, supra, and State v. Boowell, supra, both defendants appealed their sentences for violations of LSA-R.S. 14:62.2 without benefit of parole, probation or suspension of sentence, contending that the ineligibility provision attached only to the statute's minimum one-year term. In holding that the trial judges erred and both sentences were illegal, the Louisiana Supreme Court remanded both cases for resentencing.
[3] We distinguish the instant case from State v. Telsee, 425 So.2d 1251 (La.1983) in which the defendant assigned as errors on appeal the failure of the judge to comply with sentencing guidelines provided in La.C.Cr.P. Art. 894.1 and the imposition of a constitutionally excessive sentence. The Louisiana Supreme Court found the sentence excessively long yet unlawfully lenient because the trial court had failed to specify that two years of the sentence were to be served without benefit of parole, probation or suspension of sentence. The Supreme Court reduced the sentence, yet withdrew those benefits in defendant's favor for two years of it, even though the state had not objected to the error. Unlike Tel see, the instant case does not involve excessiveness of a sentence under La.C.Cr.P. 894.1.

In State v. Jackson, 439 So.2d 622 (La.App. 1st Cir.1983), our brothers cited Telsee, supra, as authority to amend an erroneous sentence to provide that it was to be served without benefit of parole, probation or suspension, even though defendant alone had appealed the excessiveness of the sentence and the State had not raised the sentencing error. The Supreme Court, however, recently granted writs, without dissent, in State v. Jackson, 443 So.2d 1123 (La.1984), on defendant's assignment of error that the First Circuit had erred in effectively enhancing defendant's sentence.