GULOTTA, Judge.
Defendant appeals his conviction and sentence of three years at hard labor with credit for time served for violation of LSA-R.S. 14:95.1, illegally possessing a firearm and a concealed weapon after having previously been convicted of a felony.
In his sole assignment of error, defendant requests this court to review the record for errors patent and to reverse his conviction and sentence.
*120 The only error patent in the record is the trial judge’s failure to impose a fine in addition to the jail sentence imposed as required by LSA-R.S. 14:95.1.[1]
We were confronted with this issue in State v. Calvin L. Jones, 445 So.2d 26 (La.App. 4th Cir.1984), where we recognized that if we were to remand the matter to the trial court for resentencing in accordance with the statute, the remand would be to the defendant’s detriment. As in Jones, in the instant case the state seeks only an affirmation of the verdict and sentence. Because the defendant alone has appealed, however, we review only those patent errors favorable to him, to avoid “providing a chilling effect on defendant’s exercise of his right to appeal.” See State v. Napoli, 437 So.2d 868 (La.1983) and State v. Jones, supra.[2]
Accordingly, we decline to remand this matter to the trial court for resentencing, despite recognition of the error.
Our examination of the remaining documents in the record does not disclose additional errors patent. Upon review of the 62 page transcript of the judge trial, in accordance with State v. Raymo, 419 So.2d 858 (La.1982), we conclude there was sufficient evidence upon which a rational trier of fact could find defendant guilty beyond a reasonable doubt.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
BARRY, J., concurs and assigns reasons.

. LSA-R.S. 14:95.1(B) provides as follows:
“Whoever is found guilty of violating the provisions of this section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars”.

. On January 6, 1984, the Louisiana Supreme Court granted writs, without dissent, in State v. Jackson, 443 So.2d 1123, on defendant's assignment of error that the First Circuit had erred in effectively enhancing defendant’s sentence by amending the sentence to provide that it was to be served without benefit of parole, probation or suspension. In Jackson, as in the instant case, defendant alone had appealed the exces-siveness of the sentence and the State had not raised the sentencing error.