450 So.2d 690 (1984)
STATE of Louisiana
v.
Irvin McCOY.
No. KA 1632.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1984.
*691 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, BYRNES and WARD, JJ.
BYRNES, Judge.
Defendant, Irvin McCoy, was charged by Bill of Information with simple burglary of an inhabited dwelling, a violation of LA. R.S. 14:62.2. He was found guilty of attempted simple burglary of an inhabited dwelling and sentenced to three years hard labor. McCoy appeals, asking this court to review the record of his conviction for errors patent. We have done so and find error in his sentence.
Because McCoy was convicted of an attempt to commit the offense of which he was accused, the permissible range of sentencing in his case is controlled by La.R.S. 14:27, subd. D (3). That statute provides in part that those convicted of certain crimes, including attempted simple burglary of an inhabited dwelling;
"... shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term or imprisonment prescribed for the offense so attempted, or both."
La.R.S. 14:62.2 requires that those convicted of simple burglary of an inhabited dwelling.
"... shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than 12 years." (Emphasis added)
Thus, the maximum sentence which could have been imposed on defendant was six years at hard labor with the first six months of that sentence to be served without benefit of probation, parole or suspension of sentence. This is one-half the longest term of imprisonment prescribed for the offense attempted.
The trial judge chose to sentence defendant to three years, but failed to specify that the benefits of probation, parole or suspension of sentence were not available for the first six months of his incarceration. This renders the sentence unlawfully lenient. See State v. Telsee, 425 So.2d 1251 (La.1983).
In dealing with the problem presented by unlawfully lenient sentences, several approaches have been taken by the courts. Various panels of this court have; 1) remanded such cases to the trial court for resentencing. See State v. Gatlin, 445 So.2d 47 (La.App. Fourth Circuit, 1984), 2) amended the sentence to provide for the *692 penalties required by law. See State v. Lee, 445 So.2d 54 (La.App. Fourth Circuit, 1984), State v. Wright, 446 So.2d 479 (La. App. Fourth Circuit, 1984), State v. Lodge, 447 So.2d 88 (La.App. Fourth Circuit, 1984), and 3) declined to correct the sentence based on the Supreme Court's writ action in State v. Napoli, 437 So.2d 868 (La.1983). See State v. Jones, 445 So.2d 26 (La.App. Fourth Circuit, 1984), State v. Tate, 444 So.2d 753 (La.App. Fourth Circuit, 1984), State v. Olgetree & Young, 446 So.2d 415 (La.App. Fourth Circuit, 1984), State v. Dixon, 442 So.2d 840 (La. 4th Cir.1983), State v. Viera, 449 So.2d 644, (La.App. Fourth Circuit 1984), State v. Jasmine, 449 So.2d 119 (La.App. Fourth Circuit 1984), State v. Barber, 445 So.2d 463 (La.App. 4th Cir.1984).
After reviewing the jurisprudence surrounding the issue we have concluded that the proper course of action in these cases is to amend the sentence to reflect statutorily mandated penalties. Judicial efficiency dictates such a solution except in situations where the trial judge must exercise discretion in the imposition of sentence, as for example when the law requires that a sentence include a fine within a certain range. In such cases the trial judge must determine what fine is appropriate and appellate courts should not substitute their judgment for his. However, in those cases where a specific fine or a sentence under certain conditions is mandatory, there is no need for the exercise of discretion by the trial judge and the reviewing court should amend the sentence to reflect the law.
For the foregoing reasons, we expressly overrule those cases which hold that an unlawfully lenient sentence cannot be corrected on appeal. We reaffirm however, the language in State v. Gatlin, supra, requiring remand in those cases where the trial judge has not fixed a mandatory fine, the amount of which is within his discretion.[1]
Defendant's sentence is therefore amended to provide that the first six months are to be served without benefit of parole, probation or suspension of sentence.
We have also reviewed the record for sufficiency of evidence and find that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the evidence presented at trial proved the essential elements of the crime beyond a reasonable doubt and excluded every reasonable hypothesis of innocence.
For the foregoing reasons defendant's conviction is affirmed and his sentence is amended.
AFFIRMED IN PART AND AMENDED.
SCHOTT, J., dissents.
SCHOTT, Judge, dissenting:
See footnote 1.
NOTES
[1] The internal rules of this court require that when a decision of one panel requires the overruling of a previous decision of this circuit, the newer decision must be submitted to the entire court for a vote on the overruling. This portion of the present opinion has been so submitted and the court has approved the overruling, with Chief Judge Redmann and Judges Gulotta and Schott dissenting.