LOBRANO, Judge.
On July 15, 1982, appellant was charged by bill of information with three counts of armed robbery in violation of R.S. 14:64.[1] He was arraigned on July 20,1982 and pled not guilty.
On March 16, 1983, following the denial of various motions, including motions to suppress his confession and identification, appellant pled guilty as charged to all three counts, reserving his right to appeal his conviction on the basis of the denial of his pretrial motions as per State v. Crosby, 338 So.2d 584 (La.1976).
On April 5, 1983, appellant was adjudged to be a multiple offender and was sentenced to serve thirty-three years at hard labor on each count, said sentence was to run concurrently.
Appellant has briefed no specific assignments of error as to the denial of pretrial motions. Assignments of error neither briefed nor argued are deemed waived on appeal. State v. Kenner, 384 So.2d 413 (La.1980). Appellant has requested the court review the record only for errors patent as required by La.C.Cr.P. Art. 920(2).[2]
The bill of information was in proper form and signed by the district attorney. The trial court acted appropriately in that appellant was present and represented by counsel at his arraignment, at the time he entered his plea of guilty and at his sentencing.
The record reveals that the trial judge erred in his sentencing of appellant. R.S. 14:64 provides for a penalty of not less than five nor more than ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence. At the time of sentencing, no prohibition against parole, probation, or suspension of sentence was made by the trial court. This is an error patent that is not favorable to the defendant. In State v. Napoli, 437 So.2d 868 (La.1983), the Louisiana Supreme Court held that a reviewing court should review only those issues raised by the defendant and any errors patent favorable to the defendant.
However, in State v. Telsee, 425 So.2d 1251 (La.1983), the Supreme Court was specifically asked to review the defendant’s *1164 sentence for forcible rape. While finding that the number of years imposed was excessive, the Court also noted that the sentence was “unlawfully lenient” because the trial court did not specify that any part of the sentence was to be without benefit of parole, probation or suspension of sentence. The forcible rape statute required that at least two years of the sentence be served without benefit of parole, probation or suspension of sentence.
The language of C.Cr.P. Art. 882[3] indicates that the trial court on its own motion can correct an illegal sentence at anytime and indicates that either the State or the defendant may question the legality of a sentence by appeal or by writ. The language clearly does not limit the correction of sentencing errors only to those adverse to the defendant.
In addition, Art. 920 of the Code of Criminal Procedure dictates the scope of appellate review in criminal appeals and does not restrict the recognition of patent error only to that which is adverse to the defendant.[4]
By reading Articles 882 and 920 together it appears that sentencing errors adverse to either the state or the defendant can be recognized by the appellate court on its own motion. However, in State v. Speed, 335 So.2d 28 (La.1976), the Supreme Court held that the State’s contention could not be dealt with by the court upon defendant’s appeal for review of sentence. The defendant was sentenced to life imprisonment after a conviction for aggravated rape. Answering defendant’s appeal, the state pointed out that the mandatory statutory penalty at that time for aggravated rape was a death sentence. The State was required to bring its request for review of sentence by means of a State appeal (writ) following La.C.Cr.P. Art. 882.
Later, in State v. Telsee, supra, the Supreme Court held that defendant’s sentence, because it failed to specify that any part would be without parole, probation, or suspension, was “unlawfully lenient”. The sentence was amended to withdraw the benefits of parole, probation and suspension for two years as mandated by the forcible rape statute, R.S. 14:42.1.
Shortly thereafter, the Supreme Court contradicated Telsee in State v. Napoli, supra, but did not expressly overrule Tel-see. In Napoli, supra, the high court set aside the more severe sentence imposed by the First Circuit and reinstated the original sentence of the trial court. In its per curiam decision of September 2, 1983, the Supreme Court explained:
“When the defendant alone seeks review of a conviction and sentence, the court of appeal should review only those issues raised by the defendant and any patent errors favorable to defendant. The court of appeal erred in this case by reviewing a sentencing error unfavorable to defendant, thereby providing a chilling effect in defendant’s exercise of his right to appeal.”
Although this Court has addressed this problem in recent cases, State v. McCoy, 450 So.2d 690, handed down May 10, 1984 resolved the conflicting views of the different members of this Court.[5] By an en banc vote this Court has agreed to following the holdings of State v. Telsee, supra, until *1165 such time as our Supreme Court expressly overrules that decision.[6]
Accordingly we find patent error and amend appellant’s sentence to read that it shall be served without benefit of parole, probation or suspension of sentence. We find no other errors patent and affirm the rest of appellant’s sentence.
CONVICTION AFFIRMED, SENTENCE AMENDED AND AS AMENDED AFFIRMED.

. R.S. 14:64
(A) Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
(B) Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.

. There is no review for sufficiency of evidence as appellant pled guilty.

. Art. 882 Correction of illegal sentence, review of illegal sentence.
An illegal sentence may be corrected at any time by the court that imposed the sentence. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an appealable case by writs of certiorari and prohibition.

. Art. 920 Scope of appellate review.
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.

. State v. Lee, 445 So.2d 54 and State v. Barber, 445 So.2d 463 both handed down on January 12, 1984 presented the opposing views of different panels of this Court. The Barber panel followed Napoli, supra, while the Lee panel followed Tel-see, supra.

. In State v. Jackson, 439 So.2d 622 (La.App. 1st Cir.1983) our brothers of the First Circuit decided to follow the Telsee jurisprudence. As of this writing, that case has been submitted to the Supreme Court for decision.