KLEES, Judge.
The defendant, Donald Welcher, was charged by bill of information with armed robbery in violation of R.S. 14:64. The defendant was arraigned on November 8, 1982, and proceeded to trial by jury on March 21, 1983. The defendant was found guilty on March 22, 1983, and was subsequently sentenced to serve “fifteen years at hard labor in the Department of Corrections, without benefit of pardon, parole, or commutation of sentence.” From this conviction and sentence, the defendant appeals.
FACTS
Rose Richardson testified that she was the victim of an armed robbery in either September or October of 1982 — the exact date she could not remember.
However, she did remember the defendant, Donald Welcher, calling for her brother, Michael. In response to his calling, she opened her apartment door and informed the defendant that Michael was not there. The defendant inquired whether Michael could sell him some marijuana and the victim told him to return later. She testified that at that point, as she was closing the door, the defendant stuck his foot in the door, pulled a gun on victim testified that he tied her using the cord of a hair-dryer and took some “pins” (jewelry), twenty-five *1264 dollars, a watch, and a gold pendant. After the defendant departed, she escaped from the apartment and used a neighbor’s (Audrey Laughlin) phone to call the police. Subsequent to this, she identified the defendant out of a photographic lineup.
Audrey Laughlin also testified that the victim used her phone on the day of the robbery to call the police, that she recognized the defendant as the person who was calling for Michael, and she noticed a “burgundy and dark blue ear” parked outside— one similar to the burgundy vehicle in which the defendant was later arrested.
At the time of the arrest, the defendant was wearing the pendant taken during the robbery. The victim identified the pendant as her property.
Sheila Wood testified as a defense witness. She related that the pendant in question was given to her by some friends, and she, in turn, gave it to the defendant.

Errors Patent

Having reviewed the record, we notice that the trial court imposed an illegal sentence. The minutes read that the defendant was sentenced to serve “fifteen years at hard labor in the Department of Corrections without benefit of pardon, parole, or commutation of sentence.”
The applicable sentence provision reads:
Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.
The sentence is not in accordance with law in that it is “unlawfully lenient” in some respects, and unlawfully more severe in others.
Although this Court has addressed this problem in recent cases, State v. McCoy, 450 So.2d 690 (La.App.1984), handed down May 10, 1984 Court.[1] By an en banc vote this Court has agreed to follow the holdings of State v. Telsee, 425 So.2d 1251 (La.1983), until such time as our Supreme Court expressly overrules that decision.[2]
Accordingly, we find patent error and we amend the sentence so that this sentence should be served “without the benefit of probation, parole or suspension of sentence.” R.S. 14:64(B).

Sufficiency of Evidence

Having reviewed the record, we find that the evidence is sufficient to sustain the conviction. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La. 1982).
For the reasons assigned, the defendant’s conviction is affirmed, the sentence is amended to provide that the defendant shall serve fifteen (15) years at hard labor in the custody of the Louisiana Department of Corrections, without the benefit of probation, parole or suspension of sentence, and as amended the sentence is affirmed.
CONVICTION AFFIRMED SENTENCE AMENDED AND AS AMENDED, IS AFFIRMED.

. State v. Lee, 445 So.2d 54 (La.App. 4th Cir. 1984) and State v. Barber, 445 So.2d 463 (La. App. 4th Cir.1984) both handed down on January 12, 1984, presented the opposing views of different panels of this Court. The Barber panel followed State v. Napoli, 437 So.2d 868 (La.1983), while the Lee panel followed Tehee, supra.

. In State v. Jackson, 439 So.2d 622 (La.App. 1st Cir.1983) our brothers of the First Circuit decided to follow the Tehee jurisprudence. As of this writing, that case has been submitted to the Supreme Court for decision.