477 So.2d 868 (1985)
STATE of Louisiana
v.
Joseph CASTON Jr.
No. KA-2815.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1985.
*869 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., New Orleans, for plaintiff-appellee, State of Louisiana.
Dwight Doskey, Orleans Indigent Defender Prog., New Orleans, for defendant-appellant, Joseph Caston Jr.
Before SCHOTT, KLEES and BYRNES, JJ.
KLEES, Judge.
Joseph Caston Jr. was charged by bill of information with the crime of attempted simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:27 (62.2). On May 31, 1984, he was tried before a petit jury which found him guilty as charged. Thereafter, Caston pled guilty to being a double offender and was sentenced by the court to serve twelve years at hard labor. Caston now appeals on the basis of one assignment of error.

FACTS:
On March 30, 1984, after work, Charles E. Harrison returned to his home at 813 Desire Street in the City of New Orleans. A note from New Orleans Police Officers was in the door informing Harrison of a burglary attempt earlier that day. Harrison entered his home and found broken glass from a window pane in the kitchen. However, nothing was missing from inside the residence.
At the trial, the following facts were adduced. Adrian Tate, after testifying contradictorily and having been declared a hostile witness, said that he saw Caston by the gate in the alleyway of Harrison's home. Tate lived directly across the street at 812 Desire Street. Tate called the police to investigate a possible burglary.
Officer Anthony De Luca of the New Orleans Police Department responded to the call and went to the Harrison home. A description of the suspect was received from the dispatcher by the officer. The suspect was described as a negro male, wearing a blue shirt, jeans and grey bebop hat.
Other officers were summoned to "play" the area because Officer De Luca thought that the suspect had jumped the fence. "Playing the area" means looking for the perpetrator within a two or three block radius of a crime scene.
New Orleans Police Officer Bruce Little observed a suspect matching the description of the perpetrator at the corner of St. Claude Avenue and Desire Street, approximately two blocks from the Harrison home. Caston was taken back to the Harrison residence where Officer De Luca placed him under arrest. Officer Ricardo Gillette, a police officer in the crime lab, was called to the scene. The officer dusted the broken *870 glass and removed three partial fingerprints.
At the trial, Officer Kenneth Solis, an expert in the field of comparison and analysis of fingerprints, compared the prints taken from the scene with those of Caston. The officer found fifteen points of comparison. He testified that Caston's fingerprints were identical to those taken from the crime scene.

ERRORS PATENT:
A review of the record for errors patent reveals that the minute entry of May 31, 1984, the trial date, lists only eight jurors' names. This list was numbered 1-4 and 7-10. Somehow jurors numbered 5, 6, 11, 12 were not recorded. The jury foreman who signed the verdict was not listed in this minute entry. The jury was not polled nor was any other jury list contained in the record. Thus, the formal record reveals only nine jurors, (the eight plus the foreman), where twelve are required.
However, neither the State nor the defense has complained of the number of jurors. Handwritten notes in the record from the minute clerk reveal that twelve jurors were present at Caston's trial. Thus, the minute entry's deficiency seems to be nothing more than clerical error.
Another error patent in this record pertains to sentencing. The penalty provision of LSA-R.S. 14:62.2, simple burglary of an inhabited dwelling, reads:
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence nor more than twelve years.
Thus, the penalty for simple burglary of an inhabited dwelling requires that one year of the sentence be served without parole, probation or suspension of sentence. State v. Ogletree, 446 So.2d 415 (La.App. 4th Cir.1984).
In this matter, Caston was convicted of attempted simple burglary of an inhabited dwelling. The maximum penalty for this crime is six years imprisonment with the first six months to be served without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:62.2; LSA-R.S. 14:27; State v. McCoy, 450 So.2d 690 (La.App. 4th Cir.1984). Further, since Caston was a second offender, the maximum attempt penalty must be multiplied by two in order to obtain the maximum penalty the law provides for this defendant. LSA-R.S. 15:529.1. Thus, the maximum penalty in this case is twelve years imprisonment with the first year served without benefit of parole, probation or suspension of sentence.
While the trial court imposed twelve years imprisonment, the court did not state that the first year was to be served "without benefit of parole, probation or suspension of sentence." Ironically, while Caston complains that his sentence is excessive, it appears that his sentence is unlawfully lenient.
This error, however, is one favorable to the defendant. Jurisprudence prior to the 1984 amendment of LSA-C.Cr.P. Art. 882 held that an appellate court could not take cognizance on appeal of sentencing errors favorable to the defendant where such errors were not raised by either the defendant or the State. State v. Jackson, 452 So.2d 682 (La.1984).
LSA-C.Cr.P. Art. 882 was amended to provide that an appellate court may correct an illegal sentence on review.
This Court has previously held that State v. Jackson, supra, requiring an appellate court to ignore any error favorable to the defendant, is the controlling law. State v. Poche, 464 So.2d 969 (La.App. 4th Cir. 1985); State v. Sennette, 462 So.2d 675 (La.App. 4th Cir.1984); State v. Davis, 463 So.2d 733 (La.App. 4th Cir.1985). We now adhere to this principle as stated in Jackson, supra, and will not amend the sentence of Caston.

Assignment of Error:
By Caston's sole assignment of error, he maintains that the trial court erred in imposing an excessive sentence. He was sentenced to twelve years at hard labor as a *871 second offender convicted of attempted simple burglary of an inhabited dwelling. This twelve year sentence is the maximum term of imprisonment that the relevant laws allow.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment." The imposition of a sentence, although within the statutory limit, may still violate this provision and may be reviewed on appeal. State v. Brogdon, 457 So.2d 616 (La.1984); State v. Thomas, 447 So.2d 1053 (La.1984); State v. Soco, 441 So.2d 719 (La.1983). A sentence which appears severe is considered excessive and unconstitutional if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, supra at 625; State v. Davis, 449 So.2d 452, 453 (La.1984); State v. Telsee, 425 So.2d 1251, 1253 (La.1983).
Once the sentence appears to be an apparently severe one, the reviewing court should consider whether the trial judge adequately complied with the requirements of LSA-C.Cr.P. art. 894.1.
In order to insure adequate review by the Appellate court, the trial court must indicate the factors it has considered for imposing the sentence in the record. LSA-C.Cr.P. Art. 894.1 sets forth the criteria to be used by the trial court in its determination. Although the trial court need not articulate every circumstance cited, it must indicate that it has considered the art. 894.1 guidelines in tailoring a particular sentence for a particular defendant convicted of a particular crime. State v. Davis, supra. In any case, the trial court must indicate that it has considered not only the aggravating circumstances, but also those which are mitigating. State v. Davis, supra, State v. Franks, 373 So.2d 1307 (La.1979), affirmed in part 391 So.2d 1133 (La.1980) cert. denied, Franks v. Louisiana, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981). The trial court must also state the factual basis underlying its conclusion. State v. Soco, supra.
Here the sentencing transcript reveals that the State, upon the court's instruction, read Caston's prior criminal history. As a juvenile, Caston had three adjudications for burglary, one for bicycle theft, another for shoplifting and another for escaping from the Louisiana Training Institute. As an adult, he was convicted of possession of stolen property, illegal carrying of a weapon and a burglary offense. The court took note of Caston's prior record. The court found that Caston was in need of correctional treatment in a custodial environment and that a lesser sentence would depreciate the seriousness of the offense. The trial court enumerated the aggravating circumstances as listed in LSA-C.Cr.P. Art. 894.1, and afforded defendant the opportunity to make a statement, which he declined. The trial judge is given great discretion in sentencing within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983). Our review of the sentencing transcript convinces us that the trial court did not abuse its discretion in sentencing the defendant.
As part of the review of sentence, the reviewing court should also determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the particular crime. State v. Brogdon, supra; State v. Quebedeaux, 424 So.2d 1009, 1014.
Accordingly, the convictions and sentence is hereby Affirmed.
AFFIRMED.