GULOTTA, Judge.
Defendant was found guilty, after a jury trial, of attempted simple burglary of an inhabited dwelling. (LSA-R.S. 14:27 and 14:62.2). In a subsequent multiple bill hearing, after determining that defendant was not a second offender, the trial judge imposed a five year sentence, the first year to be served without benefit of parole, probation or suspension of sentence. We affirm defendant’s conviction, but vacate the sentence.
Appealing, defendant contends the trial judge erred in denying him the opportunity of seeking a parole for a period of one year. According to defendant, the prohibition should have only been for a period of six months.
Before turning to defendant’s sole assignment of error, we have examined the record for errors patent and find none.
ASSIGNMENT OF ERROR
LSA-R.S. 14:62.2 provides in pertinent part:
“Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.”
The law in this State is clear that the ineligibility provision of LSA-R.S. 14:62.2 attaches only to the statute’s minimum one year term. See State v. Conley, 411 So.2d 448 (La.1982); State v. Boowell, 406 So.2d 213 (La.1981); State v. Ogletree, 446 So.2d 415 (La.App. 4th Cir.1984).
Furthermore, LSA-R.S. 14:27(D)(3), the pertinent part of the attempt statute, pro- ■ vides:
“(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of . the longest term of imprisonment prescribed for the offense so attempted, or both.”
In State v. McCoy, 450 So.2d 690 (La. App. 4th Cir.1984), involving a conviction for attempt to commit simple burglary (the same offense as in the instant case) this court held that “the maximum sentence which could have been imposed upon defendant was six years at hard labor with the first six months of that sentence to be served without benefit of probation, parole or suspension of sentence.”
Based on our holding in McCoy, we conclude the trial judge erred in the instant case in imposing a prohibition against parole, probation or suspension for a period in excess of six months where the defendant was convicted of attempt to commit simple burglary.
Accordingly, we affirm the conviction but vacate the sentence and remand for resentencing consistent with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.