PLOTKIN, Judge.
Defendant, Patrick Allen, appeals his conviction of simple burglary of an inhabited dwelling. Defendant was adjudicated a triple offender and sentenced to ten years without benefit of parole, probation or suspension of sentence. We amend the sentence and affirm the conviction and sentence as amended.
STATEMENT OF THE CASE
On April 23, 1992, a twelve member jury convicted Patrick Allen of simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2. On April 30, 1992, he was sentenced to ten years at hard labor. The State filed a multiple bill. The court found the defendant to be a triple offender, vacated the original sentence, and sentenced the defendant to ten years at hard labor without benefit of parole, probation or suspension of sentence. Defendant appealed. FACTS:
On January 12, 1992 Sergeant Carlos Rodriguez and Sergeant Beshears responded to a call of a trespasser in the 1800 block of Music Street. The informant had advised them that the perpetrator had probably burglarized a house on the corner. *549 When the officers arrived on the scene, they saw the defendant placing a large object in his truck. The officers exited their car and approached the defendant. The defendant observed the officer’s approach and let the object, a television set, slide to the ground. The officers ordered him to place his hands in the air, and the defendant threw a pair of white gloves to the ground. The officers confiscated the television, a typewriter, a Walkman, and a chair from the defendant’s truck. Officer Rodriguez and Officer Harrison, who had arrived on the scene shortly after Rodriguez and Beshears had detained the defendant, checked the closest house, 1805 Music Street. They found the back door had been pried open. Inside the house it appeared as if someone was living there, although no one was present at the time. The homeowner, who died prior to trial, was subsequently identified as James Williams Fen-erty.
The defendant, who had not been formally placed under arrest, made a statement to Officer Rodriguez that he had been in the house, but he thought it was abandoned. The defendant was then formally placed under arrest and taken to the police station. Officer James Ward testified that he read the defendant his Miranda rights at the police station and that he made essentially the same statement to him.
Loretta Fenerty Breath, the victim’s daughter identified the stolen property. At trial, she testified her father’s house was kept locked and that she had never heard him mention the name Patrick Allen. She said she knew her father well, had close contact with him and that he lived quietly, rarely had company, and would never have allowed anyone in the house.
COUNSEL’S ASSIGNMENT/PRO SE ASSIGNMENT EIGHT:
The defendant argues the trial court erred in ordering his entire sentence be served without benefit of parole, probation or suspension of sentence. The defendant is correct in his assertion. R.S. 14:62.2 provides that only the first year of the sentence should be ordered to be served without benefit of parole probation or suspension of sentence. The defendant’s adjudication as a triple offender does not affect the requirement that only the first year is to be served without benefit of parole, probation or suspension of sentence. State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985). Thus, this court will amend the sentence to reflect that only the first year of defendant’s sentence shall be served without parole, probation, or suspension of sentence.
PRO SE ASSIGNMENTS ONE AND SEVEN:
The defendant argues the State failed to present sufficient evidence to support the conviction.
The standard for an appellate review of the sufficiency of evidence to support a defendant’s conviction was set forth in State v. Heck, 560 So.2d 611, 614-615 (La.App. 4th Cir.1990), writ den. 566 So.2d 395 (1990):
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781[, 61 L.Ed.2d 560] (1979); State v. Jacobs, 504 So.2d 817 (La.1987). Where the conviction is based upon circumstantial evidence, La.R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Langford, 483 So.2d 979 (La.1986). La.R.S. 15:438 does not establish a stricter standard of review that the more general rational juror’s reasonable doubt formula; it is merely an evidentia-ry guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985).
R.S. 14:62.2 provides:
Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or *550 persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years. Added by Acts 1978, No. 745, § 1.
Here, the defendant admitted that he was in the house. He admitted taking and was found in possession of objects taken from the house. The back door had been pried open. Loretta Breath testified that the house was inhabited by her father. These facts are sufficient to support the conviction.
PRO SE ASSIGNMENT OF ERROR TWO
During the direct examination of Officer Rodriguez, the district attorney asked if the defendant made a statement whereupon Rodriguez answered “yes.” The defense counsel then moved for mistrial on the ground that the State had not laid a proper predicate. The trial judge held a conference in his chambers. After the conference, the trial judge announced that the State had withdrawn its question and any response should be stricken from the record. The defense re-urged its motion for mistrial. The jury retired from the courtroom. The audio tape was reviewed. The judge then ruled that because the witness responded at the same time the defense objected, it was doubtful the jury had heard the response. He stated for the record that the jury had been properly instructed to disregard any statement. The State then asked if, after the defendant was placed under arrest, whether Rodriguez advised him of his rights. Rodriguez then stated he had heard Beshears read the defendant his Miranda rights and that the defendant indicated he understood them. The defendant then “summoned [Rodriguez] by saying ‘Excuse me officer, I have something ... can I talk to you for a minute? ... Look I was in the house, but I thought it was abandoned.’ ” Rodriguez said the statement was made freely and voluntarily, without promises or intimidation.
The defendant noted that he did not sign a waiver of rights form prior to making his statement. In fact, on the police report where it asks if the defendant has waived his rights it is checked “no.” However, Rodriguez explained that the statement made to him was made prior to the defendant being placed under arrest and was not made in response to any interrogation. The trial judge then ruled the statement was admissible and the jury was brought back into the courtroom. The statement was then introduced into evidence.
The defendant now argues the mistrial should have been granted because the proper foundation was not laid for its admission. La.R.S. 15:451 provides: “Before what purposes [purports] to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.” Here, Rodriguez testified that the defendant was advised of his Miranda rights, that he made the statement freely and voluntarily and that the officers did not make promises or intimidate the defendant before the statement was made. In fact, the statement was made without any police interrogation whatsoever. As such, the State laid the proper predicate, and the motion for mistrial was properly denied.
PRO SE ASSIGNMENT OF ERROR THREE:
The defendant argues the foundation was insufficient to show that the confession was voluntary because the predicate was based on inadmissible hearsay. Specifically, the defendant argues that Rodriguez should not have been allowed to testify concerning the rights of which Beshears informed him and that Beshears should have been subpoenaed to testify directly. A review of the record reveals that defense counsel failed to make a contemporaneous objection to Rodriguez’s recitation of the rights Beshears read. Accordingly, *551 the issue can not be raised for the first time on appeal. C.Cr.P. art. 841.
PRO SE ASSIGNMENTS OF ERROR FOUR AND FIVE:
The defendant argues the testimony of Officer Ward was not credible and that he should not have been allowed to testify. It is not the province of this court to assess the credibility of witnesses unless the fact-finder’s finding is clearly contrary to the evidence. State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989). There is absolutely no evidence to suggest that Ward did not testify truthfully and as such the jury’s finding that Ward was credible is not clearly contrary to the evidence. These assignments are without merit.
PRO SE ASSIGNMENT OF ERROR NINE:
The defendant argues his rights to Due Process and Equal Protection were violated through the testimony of the officers. The defendant does not explain how these rights were violated. His assertion is vague and unsupported. This assignment is without merit.
PRO SE ASSIGNMENTS OF ERROR SIX AND TEN:
The defendant argues that his defense counsel was ineffective. The relator’s claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The relator must show that counsel’s performance was deficient and that the deficiency prejudiced the relator. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Strickland, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the relator if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the relator “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 104 S.Ct. at 2068. The relator must make both showings to prove that counsel was so ineffective as to require reversal.