EDWIN A. LOMBARD, Judge.
|, The sole issue in this appeal is whether the defendant’s sentence should be vacated and the matter remanded for resentencing. After review of the record in light of the applicable law and arguments of the parties, we vacate the defendant’s sentence and remand for resentencing.

Relevant Facts and Procedural History

In January 2009, as a result of citizen complaints of narcotics trafficking, Detective Clarence Gray of the New Orleans Police Department (NOPD) was conducting surveillance of a residence at 1233 Spain Street at approximately 2 a.m. when he observed a vehicle drive up, blow the horn, and the defendant emerge from the rear passenger seat. After observing what appeared to be a narcotic transaction, Detective Gray radioed to a marked police unit to conduct an investigatory stop of the vehicle. Upon stopping the vehicle, Detectives Victor Gant and Lawrence Jones directed a searchlight into the vehicle and observed the defendant moving back and forth in what appeared to be an attempt to hide his face. Accordingly, the officers ordered the front seat occupants to keep their hands in the air and ordered the defendant out of the car. When the defen *843 dant exited the Rear, Detective Jones observed two individually wrapped pieces of a hard white substance which later tested positive for cocaine on the floorboard where the defendant had been seated. Detective Gray arrived shortly thereafter and identified the defendant as the person who purchased the drugs in front of 1238 Spain Street.
The defendant was charged by bill of information with one count of possession of cocaine, a violation of La.Rev.Stat. 40:967. He pleaded not guilty and was tried by a jury in June 2009. The defendant testified on his own behalf at trial, conceding that Detective Gray witnessed a narcotic transaction but insisting that he purchased marijuana not cocaine and that the cocaine found in the vehicle did not belong to him. The defendant was found guilty as charged and the defendant’s sentencing hearing was held on June 23, 2009. At the sentencing hearing, the State informed the court that the defendant had a prior conviction for theft in Texas but was unable to specify the amount of the theft or whether the conviction was for felony theft or misdemeanor theft. The State did not file a multiple bill based on this prior conviction. The trial judge sentenced the defendant to serve three years at hard labor. In response to a request for reasons for the sentence, the trial judge stated as follows:
Each judge has their own mind, make their own decision, and I have decided that the sentence that I will, that I have imposed against Mr. Burton will be three years in the Department of Corrections. Okay? I can leave it up to you and Mr. Burton to figure out what was in my head as to why I decided on three years.
laThe defendant appeals this sentence, arguing that resentencing is required because the district court refused to give reasons for its sentence, thereby rendering it impossible for the defendant to challenge his sentence on excessiveness grounds.

Discussion

Article I, section 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. La. Const, art. I, 20; State v. Landry, 03-167, p. 7 (La.App. 4 Cir. 3/31/04), 871 So.2d 1235, 1239-1240 (sentence is constitutionally excessive if it is grossly out of proportion to the severity of the crime and is nothing more than purposeless imposition of pain and suffering). A trial judge has broad discretion in imposition of sentences within statutory limits but shall, pursuant to La.Code Crim. Proc. art. 894, 1(C), “state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” La.Code Crim. Proc. art. 894.1(C). Even a sentence within the statutory limit may violate a defendant’s constitutional right against excessive punishment, Id.; State v. Dorthey, 623 So.2d 1276, 1280 (La.1993), and, accordingly, imposition of a sentence, even those within the statutory limit, may be reviewed on appeal. State v. Caston, 477 So.2d 868 (La.App. 4th Cir. 1985). Although rigid compliance with Article 894.1 has been deemed unnecessary where the record clearly shows an adequate factual basis for the sentence imposed, the record should reflect the considerations taken into account by the trial court in determining the sentence to aid the reviewing court in determining whether the sentence is warranted in light of the particular circumstances of the case. See State v. Quebedeaux, 424 So.2d 1009 (1982); State v. Lanclos, 419 So.2d 475 (La.1982).
|4In this case, the maximum sentence for the convicted offense is five years at hard labor and the defendant was sentenced to three years. It is problematic as to whether the defendant and his counsel could “figure out” what was in the judge’s *844 “head as to why [she] decided on three years,” but clearly we, as a court of record, have no capability for figuring out what is in a judge’s head unless it is articulated in the record.[1] The judge failed to provide us with a factual basis for the sentence and the only evidence in the record indicates that the defendant was twenty-one years old at sentencing and the State did not multiple-bill him based on an ambiguous theft conviction in Texas. Clearly, it is impossible for this court to determine whether the sentence imposed is constitutionally excessive for this particular defendant.

Conclusion

The defendant’s conviction is affirmed, the sentence is set aside, and the case is remanded to the district court for resen-tencing in accordance with the provisions of La.Code Crim. Proc. art. 894.1(C).
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.

. The State suggests that the defendant’s testimony (that he purchased marijuana not cocaine) was "an outrageous lie” sufficient to support the sentence imposed. However, because the defendant's credibility alone is an insufficient basis for imposition of sentence, see State v. Smith, 407 So.2d 652, 657 (La.1981), we find little merit in this suggestion.