LOBRANO, Judge.
Defendant, Warren J. Lawson, was charged by bill of information with two counts of simple burglary of a dwelling on January 6, 1983 in violation of La.R.S. 14:62.2.[1]
He was arraigned February 25,1983, and pled not guilty to both counts. On June 16, 1983, a twelve man jury unanimously found the defendant not guilty on the first count and guilty of simple burglary on the second count. On June 21, 1983 defendant was sentenced to serve twelve (12) years at hard labor in the custody of the Department of Corrections with credit for time served.
Defendant has briefed no specific assignments of error. Assignments of error neither briefed nor argued are deemed waived on appeal. State v. Kenner, 384 So.2d 413 (La.1980). Defendant requests the court to review the record for errors patent as required by La.C.Cr.P. Art. 920(2). The recent case of State v. Raymo, 419 So.2d 858 (La.1982), also requires review of a record for “sufficiency of evidence” under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and State v. Edwards, 400 So.2d 1370 (La.1981), regardless of whether counsel has moved for a directed verdict or a new trial or filed a formal assignment of error. Accordingly, this record has been so reviewed.
The bill of information was in proper form and signed by the district attorney. The trial court acted appropriately in that the defendant was present and represented by counsel at his arraignment, jury selection, trial and sentencing. The composition of the jury was proper as required by C.Cr.P. Art. 782 as well as the unanimous vote to convict on the second count. The verdict was responsive to the charge. The sentence was the maximum allowable by law and all appropriate delays were accorded the defendant in accordance with statutory parameters. As to the “sufficiency of the evidence”, the following facts and testimony were adduced at trial:
*496 Glynn Kehlor testified that on the morning of January 6, 1983, at approximately 2:30 a.m., he heard a noise coming from just outside his bedroom window. He looked out and saw a young black man standing at the back door of the residence of his neighbor, Robert Oglesby. The man was in the process of removing the glass jalousie windows from the door. Kehlor told his wife to call the police while he continued to watch the man outside the window. After removing several glasses, the man tried to squeeze in through the open space and was in up to his waist when the weight of his body broke a glass' at the bottom of the window, creating a very loud noise. Kehlor did not see the man’s face but remembered that he was wearing a beige windbreaker and blue jeans.
The victim, Robert M. Oglesby testified that on January 6, 1983, he was awakened by the sound of breaking glass and found the jalousie louvers removed from his back door.
Officer Edward Messina testified that he and his partner were called to investigate a burglary on January 6, 1983. He stated that when they arrived at the home of Robert Oglesby, they heard the sound of breaking glass. Officer Messina ran to the side of the house and observed the defendant exiting from the glass door. A second black male was standing in the yard. Officer Messina shouted “Freeze, Police”. The defendant ran to the rear of the yard, jumped the fence and began running towards Fountainbleu St. The officer lost the defendant but proceeded to Fountain-bleu where he observed his partner chasing the defendant down Pine Street. He joined in the pursuit. The defendant was apprehended and arrested at Pine and Foun-tainbleu Streets. The second man was never apprehended.
After a careful review of the record we conclude there are no errors patent.
The defendant was charged with a violation of R.S. 14:62.2, simple burglary of an inhabited dwelling.
In order to secure a conviction under this statute, the state must prove that (1) there was an unauthorized entry of an inhabited dwelling and (2) such entry was- made with the intent to commit a felony or any theft therein. The defendant was seen entering the dwelling of Robert M. Oglesby through the back door from which he had removed several glass louvers. Oglesby testified that he did not know the defendant and had not authorized his entry. This is sufficient to establish the first element of the crime. The second element presents a slightly more difficult problem. The Supreme Court has long held that the “intent” present must be a “specific intent” to commit a felony or theft within the premises. State v. Marcello, 385 So.2d 244 (La.1980). Specific intent is defined in LSA R.S. 14:10:
“Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.”
Specific intent may be proven by circumstantial evidence which requires a stricter standard of proof then when the essential elements are proven by direct evidence.
The standard of proof under Jackson is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
The additional standard applied where the conviction is based upon circumstantial evidence is set forth in R.S. 15:438, which provides that such evidence is set forth in R.S. 15:438, which provides that such evidence must exclude every reasonable hypothesis of innocence. The court in State v. Shapiro, 431 So.2d 372 (La.1982) has held that this statutorily-mandated standard must be applied independently of and in addition to the Jackson standard used to review the sufficiency of evidence in purely *497 direct evidence cases. State v. Graham, 422 So.2d 123, 129 (La.1982).
In the instant case, defendant was observed entering the victim’s dwelling in the dead of night through surreptitious means. Upon detection, he fled the scene. These facts are sufficient to exclude every reasonable hypothesis of innocence and there is no basis for reversal insofar as sufficiency of evidence is concerned.
For the foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. R.S. 14:62.2.
Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.