DUFRESNE, Judge.
Relator challenges the ruling of the Twenty-Fourth Judicial District Court regarding his application for post-conviction relief and assigns five (5) errors for review by this court.
*9 1. It was error for the trial court, at the evidentiary hearing to rely on the Court of Appeal judgment regarding whether the evidence was sufficient to justify a conviction for simple burglary.
2. The trial court erred when it failed to render a decision on relator’s claim that he was denied his Sixth Amendment right to confront and cross-examine his accusers.
3. The trial court committed reversible error in denying relator’s allegation that the trial court abused its discretion in denying defense counsel’s motion to have the jury view the stairs at the scene of the alleged burglary.
4. The Twenty-Fourth Judicial District Court committed reversible error when it denied relator’s claim that the prosecutor was guilty of misconduct at the summation and rebuttal stages of the proceedings.
5. It was error for the trial judge, at the evidentiary hearing, to consolidate for review relator’s claim of incompetent trial and appellate counsel and the challenge to the sufficiency of the evidence. The assignment also challenges the adequacy of the evidentiary hearing and counsel appointed to represent him at the proceeding.
We have examined the record in light of the relator’s claims and find no error in the denial by the trial court of relator’s application for post-conviction relief.
While the opinion of this Court does not reflect that the sufficiency of the evidence was a question presented for appellate review, in light of State v. Raymo, 419 So.2d 858 (La.1982) each record is examined for evidentiary sufficiency and we are not persuaded by the relator’s argument that the evidence in this case was insufficient to support his conviction for simple burglary. Although he contends that his conviction was based solely on the presumption denounced in State v. Searle, 339 So.2d 1194 (La.1976), the facts presented at trial demonstrate otherwise. See factual narration, State v. Sprinkle 439 So.2d 1230 (Ct.App. 5th Cir.1983).
Nor do arguments two (2) and three (3) merit significant attention. We note that at trial the investigating officer testified that the owner of the car viewed at the scene of the burglary placed Sprinkle in possession of the car at the time of the offense, but the thrust of the testimony was to explain the subsequent steps of the officer’s investigation. As it was the recital of the car’s owner that caused him to present a photo display to the witness and victim which resulted in Sprinkles identification and apprehension, it appears clear that the testimony was not offered for the truth of the matter asserted so as to be impermissible hearsay. See State v. Watson, 449 So.2d 1321 (La.1984). Conceding that defense counsel at trial stated “I don’t know what these stairways actually look like” and at the evidentiary hearing apparently testified to the contrary, it does not appear that the denial of the defense counsel’s motion to have the jury view the scene of the offense constituted an abuse of discretion. We note that a drawing of the stairwell was exhibited to the jury during the testimony of Mr. Hebert in order to explain the various levels of the stairwells in the victim’s apartment complex and agree with the estimation of the trial court and defense counsel that the denial of the motion to view the scene of the offense did not prejudice the defense case.
We also decline to reconsider the portion of our opinion regarding the alleged misconduct of the prosecution during closing argument based upon the information presented by the relator in the present writ application. See C.Cr.P. art. 930.4.
The remaining issues are addressed to the adequacy of counsel appointed to represent the relator at trial, on appeal, and at the recently conducted evidentiary hearing.
The test for evaluating the competence of trial counsel was most recently articulated by the United States Supreme Court in Strickland v. Washington, — U.S. —, 104 S.Ct. 2052, 2054, 80 L.Ed.2d 674 (1984). The court held:
A convicted defendant’s claim that counsel’s assistance was so defective as to require reversal of a conviction or *10 death sentence has two components. First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
In evaluating the performance of counsel, the “inquiry must be whether counsel’s assistance was reasonable considering all of the circumstances.” Supra at 2065.
In making the determination of whether the specified errors resulted in an unreliable verdict, the inquiry must be directed to whether “there is reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, supra at 104 S.Ct. 2068. See also State v. Dill, 461 So.2d 1130 (La.App. 5th Cir.1984). After examination of the trial record, we conclude that the conduct of trial counsel was far from deficient and the defendant was given a fair trial resulting in a reliable verdict.
Because the appellate brief presented for review the most serious issues arising during the trial proceedings, we cannot fault appellate counsel for failing to designate as error every objection lodged in the trial court. As we observed in State v. Foley, 448 So.2d 731, 733 (La.App. 5th Cir.1984):
The function of the court-appointed counsel is not to create rights for an accused; but, rather, to advocate the facts favorable to a defendant’s opposition and to assert and/or protect those rights granted to the accused by our constitutions and statutory law. [and further] As designated by its name “brief”, the document filed by counsel is intended to be a precise and to the point recitation of his client’s position under the applicable facts and circumstances of the case. Its purpose is not to raise irrelevant issues and law. Here counsel has urged error in those areas containing some factual discrepancies from which a legal argument supporting a contention of error could be made. Although we do not agree a reversible error was committed, we nevertheless believe defendant’s counsel briefed the relevant issues while avoiding superfluous recitations of irrelevant issues and law.
We conclude likewise in this case and find the relator’s appellate counsel adequately represented him on appeal.
Relator also challenges the representation of counsel appointed to him at the evidentiary hearing granted as a result of his writ application filed in the Twenty-Fourth Judicial District Court and the sufficiency of that hearing. He urges that counsel had a conflict of interest, as he was then representing the co-participant in the burglary for which the relator was convicted and he asserts the evidentiary hearing was not a complete fact finding hearing as required in Federal Courts. Because these issues have not been presented to the district court for consideration and since we have only supervisory jurisdiction in such matters, we decline to consider them at this time.