463 So.2d 16 (1985)
STATE of Louisiana
v.
Thomas J. SMITH.
No. 84-KA-427.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1985.
*17 John M. Mamoulides, Dist. Atty., Twenty-Fourth Judicial Dist., Parish of Jefferson, Eric Honig, Dorothy A. Pendergast, Louise Korns, Asst. Dist. Attys., of counsel, Gretna, for appellee.
John H. Craft, Staff Appellate Counsel, Twenty-Fourth Judicial Dist., Indigent Defender Bd., Gretna, for appellant.
Before BOUTALL, GRISBAUM and DUFRESNE, JJ.
BOUTALL, Judge.
Thomas J. Smith, a young man in his early twenties, was charged in a bill of information with simple burglary of an inhabited dwelling place in violation of LSA.R.S. 14:62.2. The jury returned a verdict of attempted burglary, and Smith was given the maximum sentence of six years at hard labor without benefit of parole, probation or suspension of sentence.
The record reflects the following facts:
On August 25, 1983, Smith had visited Robert Rideau at his mobile home on 207 Filmore Street, Kenner, Louisiana. Smith had done odd jobs for Rideau, and at one time lived next door. He inquired about Rideau's plans for the day and was told Rideau planned to go to work with his taxicab.
That evening at about 10 p.m., Sharon Aubert, who lives in a trailer in the mobile home park directly across the street from Rideau, saw Smith arrive on a bicycle and walk around the Rideau trailer. She asked her husband Robert if she should call the police, and he came to the window while she left the room to take care of her baby in another room. They recognized Smith because he had worked around the place.
At first Robert told her not to call the police because Smith was doing nothing but walking around. However, as Robert continued to watch, he saw Smith pull a barrel under a window, break the glass and climb in.
While this was in progress Aubert called his wife, who came into the room in time to see the body halfway into the trailer. About a minute or so later the Auberts heard Rideau's burglar alarm go off. Smith jumped back out of the broken window, rolled on the ground, ran to his bike and pedaled out of the park. In the meantime Sharon Aubert had gone to call the police after her husband had seen Smith breaking the window.
When Rideau returned to the trailer he phoned the police, who had left a note on his door advising him of a suspected burglary. He found nothing missing in the trailer and except for the broken window, nothing was amiss.
Rideau had been burglarized several times previously and had a burglar alarm installed on all of the windows and doors, and a backup system with trip pads under the rug. It is significant that the window *18 smashed on the night of the present offense was inoperative because of water damage. This was known to Smith, but he was unaware of the backup system under the rug.
Smith was positively identified by the Auberts as the man they had seen that evening, and whom they knew previously.
Appellant cited five assignments of error, but urges only one on this appeal: that the evidence presented by the State was insufficient to justify a guilty verdict of attempted burglary of an inhabited dwelling.
R.S. 14:62.2 defines simple burglary of an inhabited dwelling as follows:
"[T]he unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein ...."
It is clear from the statute that an essential element of the crime is that the offender must have specific intent to commit a felony or a theft in the structure entered.
LSA-R.S. 14:27(A) defines attempt as:
"Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose."
The constitutional standard for testing the sufficiency of evidence is enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). It requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt.
When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that:
"The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
Ultimately all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational trier of fact that the defendant is guilty beyond a reasonable doubt.
To uphold Smith's conviction the reviewing court must find that each of the following elements were proven beyond reasonable doubt:
1. an unauthorized entry was attempted or made,
2. into an inhabited dwelling,
3. by the defendant,
4. with the specific intent to commit a felony or theft therein.
It is appellant's position that the State has failed to prove the element of specific intent, and consequently defendant should not have been found guilty.
LSA-R.S. 14:10(1) defines specific intent as "that state of mind which exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act or failure to act."
The question of intent may be inferred from the circumstances of the transactions surrounding the commission of the crime. See State v. Dickerson, 353 So.2d 262 (La.1977); State v. Coleman, 450 So.2d 1063 (La.App. 1st Cir.1984).
We are cited to the case of State v. Ricks, 428 So.2d 794 (La.1983). In Ricks, the Supreme Court found that evidence of an attempt to enter a house was not sufficient to justify a conviction for attempted burglary absent proof of defendant's specific intent to commit a felony or theft.
The factual situation in Ricks is diametrically opposed to the facts in the instant case. In Ricks the defendant was paying a social call on a girl he knew. He tugged on the screen door to get her attention and a man staying with the girl heard the noise, *19 grabbed a gun and yelled out of a secured door telling defendant to leave. When the intoxicated defendant did not respond, he was shot in the leg.
The trier of fact concluded it was a reasonable hypothesis that the defendant merely intended a social visit and that no specific intent was proven by the State.
In the instant case defendant knew that Mr. Rideau would be working that evening, he knew the burglar alarm was ineffective on the window where he entered. He was seen moving a barrel to gain entry, breaking a window and actually entering the premises, and exiting hastily when he tripped the alarm under the rug.
We liken the factual situation here to the case of State v. Pierce, 450 So.2d 730 (La. App. 5th Cir.1984). In a somewhat similar situation we stated it was "difficult to imagine any hypothesis that does not include the specific intent to commit a felony or a theft therein at the time the appellant made his unauthorized entry." That finding is also appropriate in the instant case.
The following cases illustrate cases where specific intent was found necessary for a burglary conviction, although nothing was taken: State v. Pike, 426 So.2d 1329 (La.1983); State v. Fuller, 418 So.2d 591 (La.1982); State v. Lawson, 446 So.2d 494 (La.App. 4th Cir.1984); State v. Robinson, 442 So.2d 827 (La.App. 4th Cir.1983).
Defense counsel claims Smith could have broken into the trailer to get his work clothes and personal belongings which he sometimes kept in Rideau's trailer, or that he was so intoxicated he could not have had the capacity to form the specific intent. The evidence of intoxication and fact that defendant sometimes kept work clothes at the trailer were circumstances considered by the jury, along with other facts of the case in determining if Smith had the necessary specific intent.
The jury in returning a verdict of guilty of attempted simple burglary indicated a belief that the State had proved all of the necessary elements of the crime.
On appeal the function of the reviewing court is not to reassess the credibility determinations of the fact finder, but only to determine if the evidence offered was sufficient to support the conviction. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Lee, 445 So.2d 54 (La.App. 4th Cir.1984); State v. Jacobs, 435 So.2d 1014 (La.App. 1st Cir.1983). We conclude the evidence offered was sufficient to support the conviction.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.