506 So.2d 211 (1987)
STATE of Louisiana
v.
Collins JASPER.
No. 86 KA 623.
Court of Appeal of Louisiana, Fifth Circuit.
April 13, 1987.
*212 Louise Korns, of counsel, Office of the Dist. Atty., Gretna, for plaintiff/appellee.
Martha E. Sassone, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant/appellant.
Before CHEHARDY, BOWES, and GOTHARD, JJ.
GOTHARD, Judge.
Collins Jasper was charged in a bill of information with simple burglary in violation of LSA-R.S. 14:62. The jury returned a verdict of guilty as charged, and Jasper *213 was given the maximum sentence of twelve years at hard labor.
The record reflects the following facts:
On April 15, 1986, the supervisor and the security investigator for Arkansas Best Freight were working surveillance at the company's freight loading terminal in Kenner, La. in order to catch the person responsible for several past burglaries. An eight foot chain link fence surrounded the area. The gates had been locked and florescent spotlights illuminated the entire area. At about 11:00 p.m. the defendant was spotted in the loading area on the office T.V. monitor. He was observed for some five to eight minutes sorting through the freight before the security investigator approached him and questioned his presence there. The defendant bolted, scaled the fence, and was seen as he made his getaway in a two-toned, old pick-up truck. The police, who had already been notified and given the description of the burglar and his truck, stopped the defendant within minutes of his escape, arresting the accused after an in-field identification of him as the burglar.

ASSIGNMENT OF ERROR
Defendant appeals from the denial of his motion for mistrial, urged on the ground that the jury observed the defendant in handcuffs.
On the second day of trial, the defendant was transported in handcuffs to the courtroom at the time the jury were returning from their lunch break. On this basis, defense counsel moved for a mistrial. Instead, the trial judge stated that he would rather charge the jury to disregard anything they had seen outside the courtroom so as not to call attention to the fact if the jury had not observed the defendant in handcuffs. The defendant acquiesced without objection; accordingly, this assigned error cannot now be availed. LSA-C.Cr.P. art. 841.
In any case, the defendant was not handcuffed during trial. He was handcuffed solely for purposes of transport to and from the courtroom. Under the circumstances, the possibility a juror may have seen the defendant in handcuffs does not appear to have so prejudiced the defendant as to warrant relief on appeal. State v. Wilkerson, 403 So.2d 652 (La. 1981).

ASSIGNMENT OF ERROR
Defendant next appeals the sufficiency of the evidence presented by the state for conviction.
The simple burglary statute, states in pertinent part, that:
"Simple burglary is the unauthorized entrance of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, ..." LSA-R.S. 14:62.
The defendant must have had the specific intent to commit either a felony or a theft at the time of his unauthorized entry. State v. Smith, 463 So.2d 16 (La. App. 5 Cir.1985).
"Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired and prescribed criminal consequences to follow his act or his failure to act." LSA-R.S. 14:10.
The question of intent may be inferred from the circumstances of the transactions surrounding the commission of the crime. LSA-R.S. 15:438. Ultimately, the state's evidence, both direct and circumstantial, had to prove sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. LSA-R.S. 15:438; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The direct and circumstantial evidence shows that defendant had a specific intent to commit theft. Defendant scaled an eight foot fence to enter the premises after hours. He was seen picking over boxes which contained freight, such as V.C.R. equipment, and hastily exiting when noticed.
*214 The jury in returning a verdict of guilty of simple burglary indicated a belief that the state had proved all of the necessary elements of the crime.
On appeal the function of the reviewing court is not to reassess the credibility determination of the fact finder, but only to determine if the evidence offered was sufficient to support the conviction. State v. Smith, supra. We conclude the evidence offered was sufficient to support the conviction.

ASSIGNMENT OF ERROR
Defendant urges that the trial judge's imposition of the maximum sentence is unconstitutionally excessive and his failure to articulate any consideration of mitigating circumstances violates LSA-C.Cr.P. art. 894.1.
A sentence will be remanded for further articulation only if a review indicates that it appears excessive. Collins Jasper was convicted of the instant simple burglary while on parole from a previous burglary conviction in 1983. He was also convicted of burglary in 1970, thus making him a third felony offender.
While the twelve year sentence imposed upon the defendant is a severe penalty, we cannot and do not find that this constitutes an excessive sentence in light of the offense committed and the defendant's prior history of criminal conduct and his inability to maintain a crime free life while subject to probation or parole. Accordingly, the defendant's sentence is affirmed.

ASSIGNMENT OF ERROR
Defendant lastly urges his appointed trial counsel was incompetent.
This issue was heard on the second day of trial after the testimony of one of the state's identification witnesses and the arresting officers. From those allegations of incompetency raised at this hearing and the record on appeal, defendant urges this court to review and to find his trial counsel incompetent for absence of certain objections to testimony concerning the circumstances of the crime, and for lack of adequate trial preparation.
In order to prove a claim of ineffective counsel a defendant must prove that counsel's performance was deficient and he was prejudiced thereby. State ex rel. Sprinkle v. Cain, 463 So.2d 7 (La.App. 5 Cir.1984). Defendant provided no such proof.
As to counsel's decision when to object during the taking of evidence regarding the circumstances of the crime, this was a trial tactic which may appear to be a mistake in hindsight, but this does not mean counsel was ineffective. State v. Mistretta, 490 So.2d 462 (La.App. 4 Cir. 1986). Additionally, defense counsel is not required to make objections when they are not necessary. State v. Buttner, 489 So.2d 970 (La.App. 4 Cir.1986).
Nor do we find the record supports defendant's assertion that his defense counsel was unprepared. Defense counsel, appointed more than a month before trial met with defendant at jail, filed pertinent pre-trial motions, and then appeared with the defendant at the hearings on such motions. He actively participated in the trial with critical selection of the venire, an opening statement, additional motions to suppress identification of the defendant, cross examination, and an effective closing argument. After defendant's conviction, trial counsel filed a motion for new trial urging insufficient evidence and his client's claim of ineffective counsel. Upon the court's denial and after sentencing, with objection to its severity, trial counsel motioned for an appeal.
A court reviewing an ineffectiveness claim must consider the totality of the evidence before the judge and the jury. State ex rel. Sprinkle, supra. A careful review of the record indicates counsel's performance does not fall below an objective standard of reasonableness.
Defendant's conviction and sentence are affirmed.
AFFIRMED.