527 So.2d 488 (1988)
STATE of Louisiana
v.
Michael GRACIA.
No. 87-KA-853.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
John M. Mamoulides, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Philip E. O'Neill, Gretna, for defendant/appellant.
Before KLIEBERT, WICKER and GOTHARD, JJ.
WICKER, Judge.
Defendant, Michael Gracia, was charged by bill of information with simple burglary of an inhabited dwelling in violation of La. R.S. 14:62.2. He was found guilty as charged by a jury. The trial judge sentenced him to serve eight years at hard labor without benefit of parole, probation or suspension of sentence. We annul and set aside the conviction and sentence and remand for a new trial.
The testimony at trial set forth the following: At approximately 5:00 p.m. on March 2, 1986 Leonard Cline saw two males get out of a Chevrolet Camaro and walk to the home of his neighbors, Mr. and Mrs. Boudreaux. The Boudreaux home is located in Jefferson Parish. Cline could see both men clearly.
The men knocked on the front door. When no one answered they went to the back of the Boudreaux home. Cline became concerned and drove his car to the Camaro. He wrote the license number on the back of his business card.
Cline testified that upon returning to his home he observed the defendant and an accomplice leave the Boudreaux home carrying a microwave, a coffee pot and some white boxes. Cline notified the Kenner Police Department.
A computer check on the license number revealed that defendant was the owner of the Camaro. Cline identified the defendant in a photographic line-up.
Bambi Marie Penton testified on behalf of the defendant. She recalled that on the date of the burglary she telephoned the defendant several times throughout the day as he wasn't feeling well. She and the defendant were living together in the same apartment. At approximately 11:00 a.m. *489 she visited her mother and called him from there. Penton returned to the apartment around 3:30 p.m. or 4:00 p.m. The defendant was at the apartment when she arrived. They stayed in and watched T.V. for the remainder of the evening.
She and the defendant testified that the defendant's Camaro was easily broken into.
The defendant testified that he was at the apartment on that date and he did not drive his Camaro. He admitted to giving voluntary statements to the police. However, he stated that some of the statements were lies. He explained that his uncle on the police force had told him that he did not have to tell the truth and that he could give statements as a means of finding out what was going on.
He admitted that he gave a statement that he was in LaPlace on the date in question doing windshield work that day, leaving at 8:00 in the morning and not returning until 10:30 or 11:00 that night. In his statement he replied that he used his girlfriend's car rather than his Camaro to get to LaPlace. He further stated to the officer that Penton used his Camaro that day to visit a friend. However, at trial he denied making the statements relating to his girlfriend's use of his car.
Defendant was subsequently arrested and convicted and charged with simple burglary of an inhabited dwelling.
On appeal defendant raises four assignments of error:
1. That it is error for the trial court to allow the jury to review written statements made by the defendant in the jury room after the jury retired to deliberate;
2. That it is error for the trial court to comment on the ethics of defense counsel's questioning;
3. That it is error for the trial court to deny defendant's motion for a mistrial when the state solicited evidence of another crime committed by the defendant as to which evidence is not admissible, and
4. It is error for the trial court to impose an excessive sentence in violation of La.Const. Article I, Section 20 and La.C. Cr.P. Article 894.1.[1]
In assignment of error number one the defendant states that it was error for the trial judge to allow the jury to review written statements made by the defendant in the jury room after the jury retired to deliberate.
The jury, after some deliberation, returned to inform the court that they were unable to reach a decision. After determining that the majority of the jurors felt that a decision could be reached given more time, the court allowed further deliberation. It was at this point that defense counsel informed the court that he now realized that the defendant's written statements had been taken into the jury room.
Although defense counsel objected to allowing the written statements into the jury room during deliberation, the trial judge overruled the objection.
Defendant's statements contain falsities used to discredit him at trial.
La.C.Cr.P. art. 793 provides:
A juror must rely upon his memory in reaching a verdict. He shall not be permitted to refer to notes or to have access to any written evidence. Testimony shall not be repeated to the jury. Upon the request of a juror and in the discretion of the court, the jury may take with it or have sent to it any object or document received in evidence when a physical examination thereof is required to enable the jury to arrive at a verdict.
In interpreting that article the Louisiana Supreme Court has explained:
The policy choice thus represented is to require jurors to rely on their own memory *490 as to verbal testimony, without notes and without reference to written evidence, such as to depositions or transcribed testimony. The general reason for the prohibition is a fear that the jurors might give undue weight to the limited portion of the verbal testimony thus brought into the room with them. However, such prohibition is contrary to the growing trend to permit discretion in the trial court, in the absence of a statutory prohibition, to accede to jury requests to see exhibits and writings (except depositions).
* * * * * *
Nevertheless, the Louisiana legislature has made the value-determination that, because of presumed prejudice, documents received in evidence should be sent to the jury on its request only `when a physical examination thereof is required to enable the jury to arrive at a verdict,' Article 793 ... The present confession does not fall within this exception, since the purpose of its going to the jury did not concern a physical examination, such as to see or feel or measure it with regard to an issue raised in connection with such physical examination.
The jurisprudence, as well as the general intent of the code article, do not support a contention that a confession should be permitted to go to the jury for the sole purpose of its re-reading the verbal content of the exhibit.
State v. Freetime, 303 So.2d 487 at 488-9 (La.1974).
In State v. Perkins, 423 So.2d 1103, 1110 (La.1982) the court held that a "written statement, although not a confession, [was] an inculpatory statement made by the defendant, and the same danger which was present in Freetime [was] present. This danger is that undue weight may be given to this particular piece of evidence."
The Fourth Circuit has followed the Perkins reasoning in State v. Hailes, 501 So. 2d 788 (La.App. 4 Cir.1986) where the unsigned transcript of the defendant's oral statement was given to the jury. In deciding to reverse the conviction, the court held:
In a case such as the one before the court there is a fine line between an inculpatory and an exculpatory statement. The prosecution proposes that the statement was exculpatory in that defendant denies any involvement in the crimes at 1610 S. White Street. Our examination of the statement reveals that although the statement was not a confession, it is inculpatory in that it places defendant at the scene, therefore, the danger of prejudice is present. Further, it is clear that the jury did not need to review the statement for any reason other than to review its contents since it is an unsigned transcript of a taped oral statement.
State v. Hailes, supra at pp. 789-90.
In the instant case the jury was allowed to view the voluntary statements of the defendant, which were used to discredit him at trial, during deliberations on his guilt. The fact that the defendant admitted at trial to lies regarding his whereabouts on the date in question in his statements, coupled with his furnishing a completely different alibi at trial is sufficient in our estimation for those statements to cross the line between exculpatory and inculpatory statements and become inculpatory. Accordingly, allowing the viewing of the contents of the statements during deliberation created a great possibility for prejudice. It is of no moment that the jury did not request the statements as the state urges since the jury did in fact have access to them during their deliberation.
Since we find merit to this assignment of error we pretermit discussion of the remaining assignments.
For the reasons stated, the defendant's conviction and sentence are annulled and set aside and the case is remanded to the district court for a new trial.
CONVICTION AND SENTENCE ANNULLED AND SET ASIDE; CASE REMANDED.
NOTES
[1] The state correctly concedes that defendant's sentence is illegal insofar as it makes him ineligible for parole, probation or suspension of sentence for eight years rather than only one year. See La.R.S. 14:62.2; State v. Conley, 411 So.2d 448 (La.1982); State v. Sprinkle, 439 So.2d 1230 (La.App. 5th Cir.1983). The state urges this court to correct the sentence by only making the first year of the eight-year sentence without benefit of probation, parole or suspension of sentence. The state also contends that the corrected eight-year sentence is not excessive in light of La.C.Cr.P. art. 894.1.