WICKER, Judge.
Raymond J. Tammetta appeals his jury conviction of four counts of indecent behavior with a juvenile, violations of La.R.S. 14:81, and his sentence. The issues are two eviden-tiary rulings and the length of his sentence. We reverse and remand.
*434 Tammetta was an elementary school band teacher. He had degrees and certification in music therapy and music education and had worked at DePaul Hospital and Belle Chasse State School as a music therapist. He also taught special education in the Jefferson Parish public schools prior to becoming an itinerant band teacher. Tammetta is married and the father of four children and has been a church organist since he was eight years old.
During Tammetta’s first year as a band director, several of his female students reported that he had touched them on either their chests, buttocks, legs, or vaginas and made them kiss him on the cheek and sit on his lap. The mother of one of the girls reported the incidents to the police. The girls testified at trial, and a jury unanimously convicted Tammetta. He moved for a new trial, which was denied; and the judge sentenced him to a two-year term of imprisonment on each count, to run consecutively, with credit for time served.
Tammetta claims several errors: the judge permitted the jury to take into the deliberations the written statements of the girls made when they first reported Tammetta to school officials; he refused to permit a defense witness and a fellow teacher, Lisa F. Rodriguez, to testify about a threatening note she had received from one of the girls; and his imposition of consecutive sentences on a man without prior criminal history is excessive.
THE WRITTEN STATEMENTS
During its deliberations, the jury asked for and was allowed to examine the evidence, including the girls’ written statements. Tammetta argues that this violates La.C.Cr.P. art. 793, which mandates that a jury rely on its memory in reaching a verdict: “He [the juror] shall not be permitted to refer to notes or to have access to any written evidence.” The exception to that rule is when a physical examination of a document is required. The state argues that the error, which it concedes, is a harmless one under La.C.Cr.P. art. 921 “which does not affect substantial rights of the accused.”
Four girls, all students or former students at Shirley Johnson Gretna Park Elementary School, testified. Three of these girls had previously given written statements to the school’s principal and assistant principal in response to a request to put the complaints in writing. Each girl identified her statement and read it aloud to the jury. The three statements were admitted into evidence without objection.
During jury deliberations, while both counsel were out of the courtroom, the judge allowed the statements to go into the jury room. He advised counsel of this later, and Tammetta’s attorney objected.
We cannot say that this was harmless error and that there is no reasonable possibility it might have contributed to Tammetta’s conviction. See State v. Green, 493 So.2d 1178 (La.1986); State v. Gracia, 527 So.2d 488 (La.App. 5th Cir.1988); State v. Ray, 577 So.2d 354 (La.App. 1st Cir.1991), writ denied 580 So.2d 668 (La.1991). This error violated substantial rights and is reversible.
THE TESTIMONY OF LISA RODRIGUEZ
Tammetta offered the testimony of Lisa Rodriguez, a long-term substitute teacher, to establish a possible “conspiracy” on the part of the girls to do away with teachers they didn’t like. Rodriguez, had she been allowed to do so, would have told the jury that on the first dáy of school, one of the girls had given her a note. In that note, which she had thrown away, the girl advised her that the class was a bad class and she hoped Rodriguez would stay on as teacher because the girl liked her at first. The note continued, however, that if the class didn’t like Rodriguez they would get rid of her.
The judge ruled this testimony inadmissible for three reasons: the contents of a note cannot be used to attack the credibility of a witness where the note is not available, Rodriguez didn’t remember exactly what the note said, and the note was the best evidence of its contents. He concluded that the danger of Rodriguez’ misrepresenting what the note said would be too prejudicial and would outweigh any possible benefit to Tammetta.
La.C.E. arts. 1002 and 1003 require that the contents of a writing be proved by the original or a duplicate. However, La.C.E. art. 1004 permits a writing to be proved by *435 “other evidence” if “[a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith.”
Tammetta argues that the testimony is admissible because it was not used to prove the contents of the writing but to impeach the child who allegedly wrote the note. [The child denied ever having written it.] Alternatively, he claims that the note was not destroyed in bad faith and that Rodriguez’ testimony is proper other evidence. The State argues that the judge simply found Rodriguez’ testimony not credible and excluded it, a matter within his province.
La.C.E. art. 607 permits the introduction of extrinsic evidence to contradict or otherwise attack the credibility of a witness. However, the judge may exclude such evidence if he believes its probative value is outweighed by unfair prejudice. La.C.E. art. 403; State v. Jenkins, 573 So.2d 1214 (La.App. 4th Cir.1991). In this case, the judge did rule that prejudice to the State outweighed the value to Tammetta’s defense.
We believe it was error for the judge to exclude testimony which relates to a witness' credibility and possible corruption. The conflicting testimony of the child and Rodriguez should have been presented to the jury for evaluation and weighing. See State v. Gordon, 582 So.2d 285 (La.App. 1st Cir.1991). This error also violated substantial rights and is therefore reversible.
Without questioning in any way the veracity of the girls who testified, we believe Tam-metta is entitled to a new trial free of harmful errors. We reverse the conviction of Raymond J. Tammetta and vacate his sentence. For this reason, we will not address the alleged sentencing errors. We remand the ease for further proceedings.
CONVICTION REVERSED, SENTENCE VACATED, AND PROCEEDINGS REMANDED.
GAUDIN, J., concurs with reasons.
DUFRESNE, J., dissents with reasons.